UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES R. JOHNSON,

    Plaintiff,                                           Civil Action No. 16-CV-13822

vs.                                                    HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR FURTHER PROCEEDINGS**

This matter is presently before the Court on cross motions for summary judgment [docket entries 14 and 16]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall grant plaintiff's motion, deny defendant's motion, and remand the case for further proceedings.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's final decision denying his application for Supplemental Security Income ("SSI") benefits. An Administrative Law Judge ("ALJ") held a hearing in April 2013 (Tr. 58-85) and issued a decision denying benefits in June 2013 (Tr. 147-58). In August 2014, the Appeals Council remanded for further proceedings because the ALJ had neglected to "address the claimant's truncal ataxia, polyneuropathy, heavy alcohol abuse, alcohol induced psychotic disorder with hallucination, major depressive disorder, brain atrophy with diffuse sulcal and ventricular prominence," plaintiff's need to use a cane, or his substance abuse (Tr. 163-64). In November 2014, a different ALJ held another hearing (Tr. 86-118). That ALJ issued a decision denying benefits in March 2015 (Tr. 13-29). This

became defendant's final decision in August 2016 when the Appeals Council denied plaintiff's request for review (Tr. 1-3).

Under § 405(g), the issue before the Court is whether the ALJ's decision is supported by substantial evidence. As the Sixth Circuit has explained, the Court

> must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *White*, 572 F.3d at 281 (citing 42 U.S.C. § 405(g)); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks omitted); see also *Kyle*, 609 F.3d at 854 (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). Where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal citations and quotation marks omitted).

*Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 640-41 (6th Cir. 2013).

At the time of the ALJ's March 2015 decision, plaintiff was 53 years old (Tr. 60). He has a tenth grade education and has not worked since the late 1980s (Tr. 62). Plaintiff claims he has been disabled since August 1988 due to "both legs give out/hypertension, 'nerves' memory loss" (Tr. 257).[1] The ALJ found that plaintiff's severe impairments are "degenerative disc disease

---

[1] On his function report, plaintiff described his medical conditions as follows: "Unsteady to walk vi[]sion not good chest pain depression back pain can't think lose of time legs give out

2

of the cervical and lumbar spine, an adjustment disorder, heavy alcohol abuse, polyneuropathy, truncal ataxia, alcohol induced psychotic disorder, major depressive disorder, brain atrophy with diffuse sulcal, ventricular prominence, and arthritis/myositis" (Tr. 18). The ALJ found that plaintiff's asthma, hypertension, and lipidemia are non-severe, and that his retinopathy is not medically determinable (Tr. 19). Despite plaintiff's severe impairments, the ALJ found that he has the residual functional capacity ("RFC") to perform a limited range of light work.[2] A vocational expert ("VE") testified in response to a hypothetical question that a person of plaintiff's age and education, and who has this RFC, could perform certain unskilled, light-level jobs such as a machine tender, sorter, or bench assembler (Tr. 113-14). The ALJ cited this testimony as evidence that work exists in significant numbers that plaintiff could perform and concluded that he is not disabled (Tr.

---

mebery lose" [sic] (Tr. 272).

[2] Specifically, the ALJ found that plaintiff can

> perform light work as defined in 20 CFR 416.967(b) except must be permitted to alternate between sitting and standing up to once per hour, cannot climb any ladders, ropes or scaffolds, can only occasionally climb ramps or stairs, can only occasionally stoop, crouch, kneel or crawl, cannot constantly rotate, flex or extend the neck, is limited to jobs that can be performed while using a hand-held assistive device (such as a cane) for both ambulation and for balance while walking, is limited to unskilled jobs that are not performed at a production rate or production pace, and must have a job that would allow him to be off-task 10% of the work day for health reasons.

(Tr. 21.) Section 416.967(b) defines light work as

> involv[ing] lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

28-29).

Having reviewed the administrative record and the parties' briefs, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence because his RFC evaluation of plaintiff is flawed. Since the hypothetical question incorporated this flawed RFC evaluation, it failed to describe plaintiff in all relevant respects and the VE's testimony given in response thereto cannot be used to carry defendant's burden to prove the existence of a significant number of jobs plaintiff is capable of performing.

The RFC evaluation is flawed for the following reasons. First, the ALJ failed to consider the side effects of plaintiff's medications. The record indicates that plaintiff takes, or at various times has taken, a large number of medications, including Vicodin, Tramadol, Ultram, Lyrica, Lorazepam, Celexa, Trazodone, Trilafon, Flexeril, Flonase, Naprosyn, Remeron, Robaxin (Methocarbamol), Neurontin, Norco, Ambien, Gabapentin, Loratadine, Lisinopril, Metoprolol, Benadryl, Zyrtec, Zyprexa, and Hydrocodone (Tr. 291, 346, 421, 450, 457, 465, 496, 498, 500, 506, 510, 522, 557, 579, 580, 586, 587, 612, 617, 619, 622, 627, 644, 645), many of which have known side effects. One of plaintiff's treating physicians noted that plaintiff experiences drowsiness as a medication side effect (Tr. 517). Plaintiff's psychiatrist noted that plaintiff experiences side effects from two of his medications, although she did not indicate the nature of the side effects (Tr. 644). Plaintiff testified that he feels dizzy "almost every day" (Tr. 103).

The ALJ's failure to make any findings as to this issue is an error requiring remand, as the Sixth Circuit has held that the ALJ must evaluate "[t]he type, dosage, effectiveness, and side effects of any medication" as part of the process of determining the extent to which side effects impair a claimant's capacity to work. *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 532 (6th

4

Cir. 2014) (quoting 20 C.F.R. § 416.929(c)(3)(i)-(vi)). Further, hypothetical questions to vocational experts must account for medication side effects. *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789-90 (6th Cir. 2009). On remand, the ALJ must determine which medications plaintiff was taking during the relevant time period; make findings as to the nature and severity of these medications' side effects, if any; adjust his findings as appropriate regarding plaintiff's RFC; and incorporate these findings in proper hypothetical questions to the VE.

Second, the RFC evaluation is flawed because substantial evidence does not support the ALJ's finding that plaintiff can meet the lifting requirements of light level work. As noted above, this exertional level requires the ability to lift up to ten pounds frequently and twenty pounds occasionally. When questioned by the ALJ, plaintiff testified that he can lift a gallon of milk (eight pounds) (Tr. 107-08), but the ALJ did not ask plaintiff how frequently he could lift this weight (or, more relevantly, how frequently he could lift ten pounds) or whether he could lift twenty pounds occasionally. Dr. Shaw, who examined plaintiff once in March 2012 on behalf of the Disability Determination Service, opined that plaintiff can "lift at least 10 to 15 pounds of weight without difficulty" (Tr. 423), although he did not indicate how he arrived at this conclusion, and he did not opine how frequently plaintiff could lift this weight or whether he could lift twenty pounds occasionally. Plaintiff's treating physician, Dr. Kushner, opined in March 2013 that plaintiff can only "rarely" lift less than ten pounds (Tr. 519). The ALJ acknowledges that plaintiff has degenerative disc disease in his cervical and lumbar spine and bilateral C6-7 radiculitis (Tr. 23-24), impairments which clearly could limit plaintiff's ability to lift weight. This record simply does not support the ALJ's finding that plaintiff can meet the lifting requirements of light level work. On remand, the ALJ must reexamine the evidence of plaintiff's lifting ability and, as appropriate, revise

5

his RFC evaluation and his hypothetical question(s) to the VE.

Third, the RFC evaluation is flawed because substantial evidence does not support the ALJ's finding that plaintiff can meet the sitting and standing requirements of light level work. Dr. Kushner indicated that plaintiff can sit, stand, and walk for a combined total of less than four hours during an eight-hour work day (Tr. 519). The ALJ rejected this assessment as "overly restrictive," and instead gave "most weight" to Dr. Shaw's opinion that plaintiff "can work eight hours a day" because "[t]his opinion is consistent with the essentially unremarkable examination findings" (Tr. 26, 423). However, Dr. Shaw apparently was under the mistaken impression that plaintiff's only medication was "Vicodin for pain" (Tr. 421), and he did not have the benefit of the objective findings that post-date his March 2012 examination, including CT scans and MRIs in 2014 showing bulging discs and foraminal narrowing at several locations in plaintiff's lumbar spine and a herniated disc at L5-S1 (Tr. 585, 591, 606, 615). On remand, the ALJ must reexamine the evidence of plaintiff's ability to sit, stand, and walk and, as appropriate, revise his RFC evaluation and his hypothetical question(s) to the VE. In particular, the ALJ must explain how it is possible for plaintiff to engage in these activities on a full-time basis in light of the objective evidence of his lower back impairment.

Fourth, the RFC evaluation is flawed because the ALJ neglected to make any findings as to whether plaintiff has sufficient use of his fingers and hands to do full-time light level work. At his April 2013 hearing, plaintiff testified that "I can use my hands, but like, they're just so stiff on me" (Tr. 76). Dr. Kushner opined that during an eight-hour workday plaintiff could use his hands only 25% of the time for grasping, turning, and twisting, and that he could use his fingers only 40% of the time for going fine manipulations (Tr. 520). There appears to be no contrary evidence

6

regarding plaintiff's restricted ability to use his hands and fingers. On remand, the ALJ must make specific findings as to plaintiff's ability to use his hands and fingers and, as appropriate, revise his RFC evaluation and his hypothetical question(s) to the VE.

For these reasons, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence. Remanding the matter for an award of benefits would not be appropriate at this time because the record, in its current state, is not such that "proof of disability is overwhelming or . . . proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Rather, the matter must be remanded so that the record may be further developed to address the deficiencies noted above. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is denied.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is granted and this matter is remanded for further proceedings as specified above. This is a sentence four remand under § 405(g).

                                        S/ Bernard A. Friedman_____
Dated: May 9, 2017                    BERNARD A. FRIEDMAN
      Detroit, Michigan            SENIOR UNITED STATES DISTRICT JUDGE